Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391

Brian Igel (BI 4574)
bigel@bilawfirm.com
BELLIZIO + IGEL PLLC
One Grand Central Place
305 Madison Avenue, 40th Floor
New York, New York 10165
Telephone:     (212) 873-0250
Facsimile:     (646) 395-1585
*Attorneys for Plaintiff*
*Off-White LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFF-WHITE LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AIILLIWE, AMASHIUSA, CHEN SHULING'S, COZY-US, DAUDAN700, DHNINE, DW TECH LIMITED., EAST DEACONS, FHSJ, FRSHALOUIS, GORIMR, GUANGZHOUWANGPUMAOYIYOUXIANG ON, HAOMAISHANGMAO, HENGRUIQI FINANCIAL CONSULTING, HONG KONG FORTUNE SWING ELECTRONICS CO., LIMITED, JUSCH, KANGBLI, KEUCHIMN, LEMINXIAODIAN, MEIXUEYUETISHANGMAOYOUXIANGON GSI, MENGCHENGXIANQUNRUISHANGMAOY OUXIANGONGSI, MORETOMATOES, NEW ENERGY REAL ESTATE(HK)LIMITED., NSCY BOUTIQUE GROCERY STORE, | **21-cv-5858 (LAK)**<br><br><br>**[PROPOSED]**<br>**PRELIMINARY**<br>**INJUNCTION ORDER** |

NUANTONG, PANLAX, QUANZHOU FUXI CATERING CO., LTD., RAOWEIYAO, REDPOWAIR, RENRUYI AUTO BEAUTY SHOP, SHENLIHONGDERR, SHENYTYTIOY, SHIEHER, SPNDNFE, TAIXINGUI, TRADITIONES, TUOSHENG V STORE, UTRATEONGS, WIKD, XIEJUANDUJIANZHUCAILIAO, XIUYANMANZUZIZHIXIANWEICHENGXI NGBAIHUODIAN, YIWUJINSHANGYILIAOQIXIEYOUXIANG ONGSI, YIWUXIANGYUFUSHIYOUXIANGONGSI, YOU ZHI QING, YPDKJ, YYSWEOKP, ZHANGXIAOQINGSDAY, ZHIXUEGAINIAN, ZHOUZONGJINLKX and ZXMYBDZXM369,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Off-White** | Off-White LLC |
| **Defendants** | AIILLIWE, Amashiusa, chen shuling's, Cozy-us, daudan700, DHnine, DW Tech Limited., East deacons, fhsj, FRSHALOUIS, gorimr, guangzhouwangpumaoyiyouxiangon, haomaishangmao, Hengruiqi financial consulting, Hong Kong Fortune Swing Electronics Co., Limited, JUSCH, KangBLi, KeuChimn, leminxiaodian, meixueyuetishangmaoyouxiangongsi, MengChengXianQunRuiShangMaoYouXianGongSi, Moretomatoes, New Energy Real Estate(HK)Limited., Nscy Boutique Grocery Store, NUANTONG, Panlax, Quanzhou Fuxi Catering Co., Ltd., raoweiyao, redpowair, Renruyi auto beauty shop, shenlihongderr, shenytytioy, shieher, Spndnfe, Taixingui, traditiones, Tuosheng V Store, Utrateongs, WikD, xiejuandujianzhucailiao, XiuYanManZuZiZhiXianWeiChengXingBaiHuoDian, yiwujinshangyiliaoqixieyouxiangongsi, yiwuxiangyufushiyouxiangongsi, you zhi qing, YPDKJ, yysweokp, zhangxiaoqingsday, zhixuegainian, zhouzongjinlkx and ZXMYBDZXM369 |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Abloh Dec.** | Declaration of Virgil Abloh in Support of Plaintiff's Application |

| | |
|---|---|
| **Futterman Dec.** | Declaration of Danielle S. Futterman in Support of Plaintiff's Application |
| **Off-White Products** | A young, successful luxury fashion label founded by American creative designer Virgil Abloh, specializing in men's and women's lifestyle and high-end streetwear, as well as shoes, accessories, jewelry, homeware and other ready-made goods |
| **Off-White Registrations** | U.S. Trademark Registration Nos.: 5,119,602 for "OFF WHITE" for a variety of goods in Class 25 with a constructive date of first use of January 25, 2012; 5,713,397 for "OFF-WHITE" for a variety of goods in Class 25; 5,710,328 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 9; 5,572,836 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 25; 5,710,287 for "OFF-WHITE C/O VIRGIL ABLOH" for a variety of goods in Class 14; 5,150,712 for  for a variety of goods in Class 18 and 25; 5,710,288 for  for a variety of goods in Class 14; 5,307,806 for  for a variety of goods in Class 18 and 25; 5,835,552 for  for a variety of goods in Class 9; 5,387,983 for  for a variety of goods in Class 25; 5,445,222 for  for a variety of goods in Class 25; 5,800,414 for  for a variety of goods in Class 9 and 25; 5,681,805 for  for a variety of goods in Class 9; 5,663,133 for  for a variety of goods in Class 25; 6,054,044 for  for a variety of goods in Class 25; 6,272,565 for  for a variety of goods in Class 25; |

ii

| | |
|---|---|
| | 6,290,768 for  for a variety of goods in Class 25; 6,114,562 for **OFF** for a variety of goods in Class 25; 6,131,346 for **OFF** for a variety of goods in Class 18; 6,035,585 for  for a variety of goods in Class 25; and 6,137,880 for  for a variety of goods in Class 25 |
| **Off-White Application** | U.S. Trademark Serial Application No. 88/041,456 for , for a variety of goods in Class 18 and Class 25 |
| **Off-White Marks** | The Marks covered by the Off-White Registrations and Off-White Application |
| **Counterfeit Products** | Products bearing or used in connection with the Off-White Marks, and/or products in packaging and/or containing labels bearing the Off-White Marks, and/or bearing or used in connection with marks that are confusingly similar to the Off-White Marks and/or products that are identical or confusingly similar to the Off-White Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial** | Any and all financial accounts associated with or |

| Accounts | utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
|---|---|
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on July 8, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on July 9, 2021, the Court entered an Order granting, in part, Plaintiff's Application ("TRO") which ordered Defendants to appear on July 16, 2021 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on July 29, 2021, Plaintiff filed a letter requesting to extend the TRO for a period of fourteen (14) days, modify the briefing schedule and date of the Show Cause Hearing;

WHEREAS, on August 11, 2021, the Court entered an order granting Plaintiff's request, extending the TRO, modifying the briefing schedule and adjourning the Show Cause Hearing to August 25, 2021 at 9:30 a.m.[1] ("August 11, 2021 Order");

WHEREAS, on August 17, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the August 11, 2021 Order on each and every Defendant;

WHEREAS, no Defendants filed an opposition to Plaintiff's application for a preliminary injunction order.

## **ORDER**

1.  Defendants and all persons in active concert and participation with them who receive actual notice of this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final determination of this action:

---

[1] The August 11, 2021 Order indicated that no appearances were required at the Show Cause Hearing unless further ordered by the Court.

i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Off-White Marks;

ii.  directly or indirectly infringing in any manner Plaintiff's Off-White Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Off-White Marks, to identify any goods or services not authorized by Plaintiff;

iv.  using Plaintiff's Off-White Marks or any other marks that are confusingly similar to the Off-White Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi.  secreting, concealing, destroying, altering, selling off, transferring or otherwise

2

disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(i) through 1(vii) above.

2. This Order is binding upon Defendants and all persons in active concert and participation with them who receive actual notice of this Order.

3. As sufficient cause has been shown, within seven (7) days of receipt of notice of this Order, any newly discovered persons in active concert and participation with Defendants who receive actual notice of this Order, including any Third Party Service Providers and Financial Institutions who satisfy those requirements shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information

for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

4. Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

5. Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert and participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

6. Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts including, but not limited to, documents and records relating to:

    i.   account numbers;

    ii.  current account balances;

iii.   any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.   any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.   any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

7.   Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.   any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that

Defendants have ever had and/or currently maintain with the Third Party Service Providers;

ii.   the identities, location and contact information, including any and all e-mail addresses of Defendants;

iii.   the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv.   Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Off-White Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Off-White Marks.

8.   As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on Defendants if it is completed by any of the following means:

a)   delivery of: (i) a PDF copy of this Order or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been

identified by Amazon pursuant to Paragraph V(C) of the TRO.

9.  As sufficient cause has been shown, service of this Order may be made on the Third Party Service Providers and Financial Institutions by any of the following means:

    a.  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b.  delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order or (iii) a link to a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to Deana Ahn counsel for Amazon Pay, at deanaahn@dwt.com;

    c.  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

    d.  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

10. The $75,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

11. Any Defendants or other person or entity subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this **25** day of **Aug**, 2021, at **6:34** p.m.
New York, New York

HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

8